## In re Anonymous No. 16 D.B. 91

Disciplinary Board Docket No. 16 D.B. 91.

*Hearing Committee,* May 21, 1991—Respondent, [ ], was charged with violating Rule of Professional Conduct 3.1, which states in part a lawyer shall not

bring an issue therein unless there is a basis for doing so that is not frivolous. After reviewing the pleadings, stipulations and listening to testimony of [A], Esquire, a witness on behalf of petitioner, and the cross-examination thereto, the Hearing Committee unanimously concluded that there was no prima facie violation of any rule of professional conduct, and terminated the hearing.

As background, the underlying claim involves a personal injury claim of [B] as a result of an accident which occurred on September 10, 1986, at or near [ ], Pennsylvania. [B]. was a passenger in a [C] trolley which was rear-ended. Immediately in front of the trolley in which [B] was a passenger, there was another accident involving a [C] trolley with a vehicle either owned or operated by [D], [E], [F] and [G]. The trolley which [B] was in was struck by a vehicle owned by [H] and operated by [I]. As a result of these accidents, [C's] claim office opened up two investigation files. Three lawsuits were initiated on [B's] behalf.

In the first suit, [C] was joined in the [B] v. [J] lawsuit as an additional defendant. Respondent, counsel for [C], contacted the claims department and was provided with information concerning the first [C] trolley accident with [D], et al. The claims office advised respondent that this was the only claim they had on the given date and time and location. Based upon this information, respondent joined [D] as additional defendants in the [B] v. [J] litigation. Respondent was advised by plaintiff's counsel in the [B] v. [J] litigation that according to the information provided by [B], [D] was not involved in his accident. Notwithstanding this information, respondent continued in the claim against [D] based upon the information provided to her from her claims department. On or about October 11,

1988, respondent became aware of the second claims investigation file and on November 23, 1988, respondent filed an additional complaint against [H] and [I] in the [B] v. [J] litigation. On or about January 4, 1989, respondent dismissed with prejudice her claims against the additional defendants, [D]. Plaintiff's counsel dismissed the [B] v. [J] litigation on or about March 23, 1989.

The panel concluded that respondent was entitled to rely upon information provided to her by her claims department in suing the additional defendant, [D]. Respondent did not have to accept as fact everything plaintiff's counsel informally advised her. Respondent did, on several occasions, request her claims department to check to make sure the information provided was accurate. In addition, the joinder of the additional defendants, [D], was appropriate in that if the [D] additional defendants were negligent in the initial accident, they could also be responsible to plaintiff, [B], who was involved in an accident as a result of the trolley which he was in coming to a sudden stop due to the initial accident, and then being struck in the rear by [I].

The next lawsuit in which respondent was involved was initiated by counsel for [B] v. [C] ([B] v. [C] I). Respondent answered that complaint and also joined [D] as additional defendants. This suit was dismissed by plaintiff's counsel within seven days of the joinder as a result of a change in the law of Pennsylvania. It involved the same trackless trolley and car accident as in the [B] v. [J] litigation.

The third piece of litigation was the most troubling for the panel. In that piece of litigation, [B] v. [C], Pa. [ ] C.P., November term, 1988, no. [ ] ([B] v. [C] II) instituted by [A], [B] sued [C], with charges that [C], through negligent misrepresentation, intentional misrepresentation and in violation of the

Unfair Trade Practices and Consumer Protection Law, precluded [B] from recovering against the vehicle which struck the trolley in which he was a passenger in the rear, i.e. [H] and [I]. An extension of 30 days was given to [C] to file an answer to this complaint. No answer was filed within the extended time and a default judgment was entered against [C] on January 26, 1989. On February 6, 1989, respondent filed a complaint in the [B] v. [C] II action against [A], [K] and [K], P.C., as additional defendants, alleging that it was their negligence in failing to prosecute and properly investigate the accident which [B] was involved with, which resulted in the preclusion of [B] from having a direct action against [H] and/or [I].

The panel concluded that this claim was not frivolous. Though a default judgment had been entered in the [B] v. [C] II litigation, [C] certainly was entitled to join other parties whom it believed was responsible for [B] being precluded from having a direct recovery against [H] and [I].

The panel was mindful of the fact that attorneys who are engaged in litigation should exercise extreme caution prior to instituting or filing claims against their opposing attorney. Subsequent to the hearing, the panel had a discussion with respondent concerning this issue. The panel concluded, however, that the complaint joining plaintiff's counsel as additional defendants in [B] v. [C] II was not frivolous.

## ORDER

And now, July 26, 1991, the report and recommendation of Hearing Committee [ ] filed May 21, 1991, pursuant to section 89.181 of the Disciplinary Board Rules, is accepted, and there being no excep-

tions filed; it is hereby ordered and decreed that the charges against [respondent], docketed at No. 16 D.B. 91, be dismissed.